No. 4049

Second Circuit

ARMSTEAD v. J. A. BENTLEY LUMBER COMPANY

(July 14, 1931, Opinion and Decree.)

Fern M. Wood, of Leesville, attorney for plaintiff, appellant.

Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellee.

McGREGOR, J. On or about April 2, 1930, the plaintiff, Ed Armstead, was in the employ of the defendant, J. A. Bentley Lumber Company in the parish of Rapides, this state. He was working in the capacity of "decker," his duties consisting of fastening tongs in the ends of logs in order to facilitate the loading of them on defendant's log train. While the plaintiff was thus employed these tongs slipped and he was struck on the left side of his face, resulting in a simple fracture of the cheek bone. On account of the injury the plaintiff quit work for thirty days and during that time he was under treatment of the defendant's physician. After this physician had discharged him as cured he went back to work and received seventy-five cents per day more than he was receiving at the time he was injured. He continued on this job until September 1, 1930, when he was laid off on account of bad business conditions. During the time that he was working after he was discharged by the physician as cured, he never complained in regard to any injury. On October 1, 1930, one month after he quit work on account of bad business conditions, this suit was filed. In it he claims (1) that his left eye is out, (2) that he is wholly deaf in his left ear, and (3) that his left cheek bone is totally incapacitated, and he sues for sixty-five per cent of his wages for three hundred weeks, or one hundred weeks on account of each alleged injury. Defendant's counsel filed a motion asking that the plaintiff be required to elect one of the three alleged demands of his petition, but this was overruled. On trial there was judgment at first

in favor of the plaintiff for one-half of his demand made for the alleged loss of his eye. On a rehearing granted on the application of the defendant, this judgment was recalled and final judgment was rendered and signed in favor of the defendant rejecting all of the plaintiff's demands. From this judgment the plaintiff has appealed.

OPINION

The answer of the defendant in this case admits the fact of the injury, but denies that any injury to the eye or ear occurred when the plaintiff was struck on the cheek bone. It is also alleged in defense that if the plaintiff is suffering with his eye or his ear, that affection is caused by a syphilitic condition which has no connection with the injury to the cheek bone.

Only two witnesses were sworn for the plaintiff. They were Dr. E. R. Gandy and the plaintiff himself. Dr. Gandy testified that in his opinion the plaintiff is blind in his left eye and deaf in his left ear, but that he thinks it is due to syphilis and doubts that it was caused by trauma. The plaintiff himself testified that before the accident he could see and hear perfectly out of that eye and that ear, and that since the injury he has not been able to see out of the eye or hear with his ear. He denies that he has ever had syphilis. No attempt is made in behalf of the plaintiff to show that the syphilitic condition in his system was accentuated or accelerated by the injury, and that this indirectly caused the injury to the eye and the ear.

Dr. J. W. Phillips, the physician who treated plaintiff's injury, testified that he dressed the wound twice during thirty days and that after that he discharged him as cured. He stated that during the time

the plaintiff was under his treatment he complained of his eye hurting him some, but that he had never heard of his eye trouble or his deafness until after the suit was filed. He testified that at the time of the trial the plaintiff had syphilitic conditions.

Dr. P. K. Rand, another witness for the defendant, had an x-ray picture made of the plaintiff's cheek bone and testified that he found no impairment of the functions of the jaw. He also testified that he had a Wasserman test of plaintiff's blood made and that the result indicated syphilis.

Dr. A. M. Peters, an eye, ear and nose specialist, testifying for the defendant, stated that he had carefully examined the plaintiff and found that he was neither blind nor deaf as he claimed, though he did find some deficiency of his left eye and ear. His conclusion was that the injury had nothing to do with this condition, but that it was due to syphilis.

Dr. I. F. Littell, testifying for the defendant, stated that he was an eye, ear, nose and throat specialist and that he had examined plaintiff. He found some impairment of the sight in the left eye but no deafness. He could see no connection between the injury to the cheek bone and the condition complained of.

Hood Reed and J. L. Pullabeck, two of defendant's witnesses, testified as to the work done by the plaintiff before and after the injury. No testimony was offered to show any permanent injury to plaintiff's cheek bone except his statement on the subject.

The Employers' Liability Act (Act No. 20, of 1914, as amended) is always construed liberally in favor of the plaintiff, but the law requires him to prove

his case nevertheless. In this case the plaintiff has not satisfactorily proved any of his allegations. He is probably suffering to some extent from the symptoms complained of, but he has shown no causal connection whatever between them and the injury he received. As to the loss of the use of his jaw bone, he has not sufficiently proved it to any extent. For the time lost by him he was offered sufficient compensation and he refused it. Everything required by law at the hands of the defendant has been complied with.

For the reasons assigned the judgment of the lower court is affirmed.